**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4367**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY GERSHEN BRAITHWAITE,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00023-BO-1)

———————————

Submitted: April 25, 2012        Decided: April 27, 2012

———————————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

———————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————————

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gershen Braithwaite appeals the 262-month sentence imposed following his guilty plea to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asking this Court to review whether the district court adequately set forth its rationale for the sentence imposed. Braithwaite was informed of his right to file a pro se supplemental brief but has not done so.

The Government seeks to enforce the appellate waiver provision of the plea agreement and has moved to dismiss the appeal. Braithwaite asserts that the provision should not be enforced because of the inherent coercion and duress of the plea process. We affirm in part and dismiss in part.

We review the validity of a waiver de novo and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir.

2

1992); United States v. Wessells, 936 F.3d 165, 167 (4th Cir. 1991). To determine whether a waiver is knowing and voluntary, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the wavier is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Our review of the record leads us to conclude that Braithwaite knowingly and voluntarily waived his right to appeal his sentence. Braithwaite's argument to the contrary, based on the inherent coercion of the plea process, is contrary to our established precedent. See, e.g., United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990) ("It is clear that a defendant may waive in a valid plea agreement the right of appeal under 18 U.S.C. § 3742."); United States v. Brown, 232 F.3d 399, 402 (4th Cir. 2000) ("A defendant can, of course, waive [his] statutory right to appeal."). Additionally, we have previously rejected an "unequal bargaining position" contention with regard to appellate waivers. See United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006). Because the waiver is valid, it precludes

3

review of the sentencing issue Braithwaite seeks to raise on appeal. Accordingly, we grant in part the Government's motion to dismiss and dismiss this portion of the appeal.

Braithwaite's appeal waiver, however, does not preclude an appeal of his convictions or claims based upon ineffective assistance of counsel or prosecutorial misconduct. In accordance with <u>Anders</u>, we have reviewed the entire record in the case and have found no meritorious issues for appeal outside the scope of the appellate waiver. We therefore deny in part the Government's motion to dismiss and affirm this portion of the appeal.

This Court requires that counsel inform Braithwaite, in writing, of the right to petition the Supreme Court of the United States for further review. If Braithwaite requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Braithwaite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4